IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 NOV 27 P 12:06
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JAMES E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 106-118 |
| | ) |
| RONALD STRENGTH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, in that the following claims are frivolous or fail to state a claim upon which relief can be granted and are due to be **DISMISSED**: (1) "contraband is so bad at [the Richmond County Jail ("RCJ")] and [the Charles Webber Detention Center] . . . inmates made hundreds of dollars," (2) the overcrowding at the RCJ puts the inmates' safety in question, (3) inmates should be allowed to receive money in the mail, (4) inmates should have more access to the law library, and (5) inmates should be allowed to correspond with other inmates in other jails.

Moreover, the entire case is due to be dismissed because Plaintiff has failed to provide the Court with a valid address. In the Magistrate Judge's Order dated August 16, 2006, the Magistrate Judge informed Plaintiff that he was responsible for immediately informing the Court of any change of address, and that failure to do so would result in the dismissal of his case. (Doc. no. 3, p. 4). On October 11, 2006, the Magistrate Judge issued (1) the Report and Recommendation referred to above, and (2) an Order directing service of process for the remainder of Plaintiff's claims. (Doc. nos. 7, 9). Subsequently, Plaintiff's service copy of the Report and Recommendation and Order were returned as undeliverable.

The time for objecting to the Report and Recommendation has since passed, and Plaintiff has neither filed objections with the Court, nor has he otherwise updated the Court with his new address. Based on the above information, Plaintiff has failed to comply with the instructions that he notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover,

2

the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply the instructions that he notify the Court of a change of address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply dismissing the case without prejudice until such time as

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

Plaintiff is willing to file his case <u>and pursue it</u>. Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice, and this civil action shall be **CLOSED**.[2]

SO ORDERED this 27th day of November, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court is dismissing Plaintiff's complaint and ordering the case to be closed, the United States Marshal need not proceed any further with service as directed by the Magistrate Judge's October 11, 2006 Order. The Clerk is **DIRECTED** to provide a copy of this Order to the United States Marshal. A copy of this Order shall also be served on Defendant.